IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

**APR 1 1 2016**

MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

|  |  |
|---|---|
| ROSA LOPEZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| G4S SECURE SOLUTIONS INC., | ) No._____ |
| Defendant. | ) |
|  | ) **16   1707** |

(USA)

## NOTICE OF REMOVAL OF CIVIL ACTION

Under 28 U.S.C. § 1446, Defendant G4S Secure Solutions (USA) Inc. ("G4S") files this Notice of Removal of Civil Action from the Court of Common Pleas of Montgomery County, in which it is pending. In support of removal, G4S avers as follows:

1.      On or about March 14, 2016, Plaintiff Rosa Lopez filed a Summons and Complaint in the Court of Common Pleas of Montgomery County, Civil Trial Division, captioned *Rosa Lopez v. G4S Secure Solutions Inc.*, Case No. 2016-04339 ("State Court Action").

2.      G4S first received service of Plaintiff's Complaint on or about March 21, 2016.

3.      Plaintiff's Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Specifically, Plaintiff alleges that G4S owes her unpaid wages and retaliated against her after she complained about wages allegedly owed. (*See* Plaintiff's Complaint attached hereto as Exhibit "A.") Accordingly, this Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. *See* Exhibit "A."

4.      Because this action satisfies the requirements of 28 U.S.C. §§1331 and 1337, this Court has original jurisdiction over all claims alleged in the Complaint, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

5.      Pursuant to 28 U.S.C. § 1446(a), G4S has attached all process, pleadings, and orders that have been filed, served or received in this action. *See* Exhibit "A."

6.      Venue lies with this Court, because Plaintiff's action is pending in this district. *See* 28 U.S.C. § 1441(a).

7.      This Notice of Removal is filed within thirty (30) days of service of the State Court Action and is timely under 28 U.S.C. § 1446(b).

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this case (attached hereto as Exhibit "B"), together with a copy of this Notice shall be filed with the Clerk of the state court and served upon Plaintiff.

WHEREFORE, Defendant, G4S Secure Solutions (USA) Inc. requests that this action be removed from the Court of Common Pleas of Montgomery County, Civil Trial Division, to the United States District Court for the Eastern District of Pennsylvania and requests that this Court assume jurisdiction over the case.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

Eric J. Bronstein, Esquire
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100

Attorney for Defendant
G4S Secure Solutions (USA), Inc.

Dated: April 11, 2016

4841-3954-5904.1

## CERTIFICATE OF SERVICE

I, Eric J. Bronstein, Esquire, certify that, on this date, I caused this Notice of Removal to be served via United States mail, first class, postage prepaid, upon:

Samuel A. Dion, Esq.
Dion & Goldberger
Walnut Street Suite 1199
Philadelphia, PA 19103 215-546-6033

Eric J. Bronstein

FILED

APR 11 2016

MICHAEL E. KUNZ, Clerk
By_____ Dep Clerk

Dated:  April 11, 2016

4825-6160-8751.1

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ROSA LOPEZ

vs.

G4S SECURE SOLUTIONS INC

NO. 2016-04339

REC'VD PROS MONTCO.PA
2016 MAR 14  A 9 46

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ROSA LOPEZ

vs.

G4S SECURE SOLUTIONS INC

NO. 2016-04339

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:   SAMUEL A DION, Esq., ID: 55761

Self-Represented (Pro Se) Litigant

**Class Action Suit**        Yes      [X] No

**MDJ Appeal**      Yes    [X]   No          **Money Damages Requested** [X]

<u>**Commencement of Action:**</u>                    <u>**Amount in Controversy:**</u>

Complaint                                         $50,000 or less

## Case Type and Code

Contract:

Employment Dispute: Other

**Other:**

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

**DION & GOLDBERGER, ATTORNEYS AT LAW**
BY: Samuel A. Dion, Esquire
1845 Walnut Street, Suite 1199
Philadelphia, Pa 19103
(215) 546-6033                    ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| ROSA LOPEZ | : | COURT OF COMMON PLEAS |
| | : | MONTGOMERY COUNTY |
| vs. | : | |
| | : | NO.: 2016-04339-0 |
| G4S SECURE SOLUTIONS | : | |
| (USA) INC. | : | |

RECV'D MCSO MONTCO. PA
2016 MAR 14  A 9: 46

### "NOTICE"

*You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and by filing in writing with the court your defenses and objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MONTGOMERY BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
610-279-9660 ext. 201

### "AVISO"

*Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene 20 dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiend, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE: SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

MONTGOMERY BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
610-279-9660 ext, 201

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

REC'V'D MCSO MONTCO. PA
2016 MAR 14   A 9: 46

## COMPLAINT

1.    This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (hereinafter "FLSA") and 28 U.S.C. § 1331.

2.    Plaintiff Rosa Lopez, is an adult resident of Pennsylvania and resides at 1015 West Liberty Street, Apt. 2, Allentown, PA 18102.

3. On information and belief, G4S Secure Solutions (USA) Inc., is a corporation with a place of business located in this judicial district in the Commonwealth of Pennsylvania at 400 Horsham Rd., Ste. 106, Horsham, PA 19044.

4.    Plaintiff was employed by defendant as a Security Guard, between November 13, 2015 and January 8, 2016, at Amazon Warehouses.

5.    Plaintiff's rate of pay was $11.00 per hour and she worked a minimum of 40 hours per week, and she was paid $16.50 per hour if she worked on holidays.

6.    After 5.6 hours of training on November 13, 2015, plaintiff commenced full time employment on November 15, 2015.

7. From the start of her full-time employment, plaintiff was assigned to work 8 hours per day five days a week (with Fridays and Saturday off) from 10:15 p.m. through 6:15 a.m. until December 31, 2015.

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

7.   Starting on January 1, 2016, plaintiff was assigned to work 8 hours per day from 2:15 p.m. through 10:15 p.m. also five days a week (with Tuesdays and Wednesdays off).

8. Plaintiff also worked a second shift one day after January 1, 2015 resulting in an additional 8 hours that week.

9.   Plaintiff missed only one day of work between November 15, 2015 and January 8, 2015, and she made up that day by working a double shift.

10.   Based upon the foregoing, plaintiff worked 5.6 hours in her first week of employment on November 13, 2015.

11. Plaintiff worked 40.48 hours in her second week employment between November 16-22, 2015.

12.   Plaintiff worked 40 hours in her third week of employment between November 23-29, 2015, including one holiday--- Thanksgiving day.

13.   Plaintiff worked 40 hours in her fourth week of employment between November 30-December 6, 2015.

14.   Plaintiff worked 40 hours in her fifth week of employment between December 7- December 13, 2015.

15.   Plaintiff worked 48 hours in her sixth week of employment between December 14- December 20, 2015.

16.   Plaintiff worked 40 hours in her seventh week of employment between December 21- December 27, 2015 including the Christmas Eve holiday.

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

17.   Plaintiff worked 40 hours in her eight week of employment between December 28, 2015 and January 3, 2016, including New Years Day.

18.   Plaintiff worked 24 hours in her ninth week of employment between January 4, 2015 and January 10, 2016.

19.   During her employment, plaintiff worked a total of 485.6 hours including 32 hours of overtime and holiday time.

20.   Plaintiff received her first paycheck on November 27, 2015 for the time period between November 9-22, 2015 (hereinafter "Pay Period 1") for $509.52 in gross wages.

21.   Plaintiff believed this Pay Period 1 paycheck was correct.

22.   Plaintiff received her second paycheck on December 11, 2015 for the time period between November 23, 2015 and December 6, 2015 (hereinafter "Pay Period 2") for $734.75 in gross wages.

23.   Plaintiff was underpaid $189.25 for Pay Period 2 because she had worked a total of 80 hours including one holiday during the applicable time period and was supposed to be paid $924.00 in gross wages.

24.   Plaintiff did not notice that she was underpaid for Pay Period 2 so she did not complain that her check was shorted at that time.

25.   Plaintiff received her third paycheck on December 24, 2015 for the time period between December 7-20, 2015

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

(hereinafter "Pay Period 3") for $287.98 in gross wages.

26.   Upon receipt of her Pay Period 3 paycheck, plaintiff immediately noticed that she was underpaid, because she had worked a total of 88 hours including during the applicable time period and was thus was expecting $1,012.00 in gross wages.

27.   Plaintiff first complained Justin Joyce (Payroll Person) that her paycheck was very short on Monday, December 28, 2015, when the office first opened after Christmas and the weekend.

28.   Justin asked her fill out a form stating all hours that she worked during the applicable time period, and plaintiff competed the said form and gave it to her supervisor, Damien, on December 30, 2015.

29.   Damien signed the said form and faxed it to Mr. Joyce on December 30, 2015.

30.   Plaintiff received two paychecks on January 8, 2016 for the time period between December 21, 2015 and January 3, 2015 (hereinafter "Pay Period 4") for a total of $702.41 in gross wages.

31. Upon receipt of her Pay Period 4 paychecks, plaintiff was shocked that she was again underpaid hundreds of dollars.

32.   Plaintiff worked a total of 80 hours during Pay Period 4 including two holidays, and was thus was expecting $968.00 in gross wages for Pay Period 4 alone.

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

33.   On January 8, 2016, plaintiff was also upset that her pay dispute from Pay Period 3 was not yet resolved despite that 9 days had passed since she turned in the paperwork.

34.   Upon speaking to Mr. Joyce on January 8, 2016, Mr. Joyce gave no indication that he was going to resolve her prior complaint about being underpaid in Pay Period 3, and he told her that her records for Pay Period 3 and 4 indicated that his calculations were correct.

35.   On January 8, 2016, plaintiff was forced to quit her job with defendant because she could not survive with shorted paychecks each week.

36.   As of January 8, 2016, plaintiff was still owed $1,178.86 in gross wages.

38.   Thus, plaintiff was constructively discharged from employment with defendant on January 8, 2016.

## COUNT ONE
### VIOLATION OF THE FLSA BY FAILING TO PAY MINIMUM WAGES

39.   Plaintiff reasserts and realleges the allegations set forth in paragraphs 1-38 as if they were fully set forth herein.

40.   Defendant was engaged in commerce pursuant to the FLSA with respect to plaintiff, because plaintiff was employed as a security guard at retail warehouses occupied by Amazon, which is an establishment that is engaged in commerce because

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

stores goods that are part of the stream of commerce in its warehouses.

41.   The FLSA regulates the payment of wages by employers, such as defendant, whose employees are "engaged in commerce ..." 29 USC 207(a)(1).

42.   Defendant failed to pay plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a) during for each week she worked, including Pay Period 3 during which plaintiff was paid only $3.27 per hour.

43.   Pursuant to the FLSA, Defendants are each "employers" of plaintiff and each is liable for unpaid minimum wages and compensation owed to plaintiff.

44.   As a result of Defendants' unlawful practices, Plaintiff suffered a loss of minimum wages.

45.   Based upon the foregoing, defendant is liable to plaintiff for damages pursuant to the FLSA.

46.   Pursuant to the FLSA, defendant is also responsible for liquidated damages in an amount equal to plaintiffs' actual damages.

47.   Pursuant to the FLSA, defendant is also responsible for payment of reasonable attorneys fees and costs associated with the prosecution of this action.

Case# 2016-04339-4 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

**COUNT TWO**
VIOLATION OF THE FLSA BY FAILING TO PAY OVERTIME

48.    Plaintiff reasserts and realleges the allegations set forth in paragraphs 1-47 as if they were fully set forth herein.

49.  Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce as aforesaid.

50.    Section 207(a)(1) of the FLSA provides that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

51.   Pursuant to the FLSA, defendant is an "employer" of plaintiff and is liable for unpaid overtime wages owed to Plaintiff.

52.  Defendant acted willfully and either knew that its conduct violated the FLSA showed reckless disregard for the matter of whether their conduct violated the FLSA and defendant has not acted in good faith with respect to the Plaintiff.

53.   Based upon the foregoing, defendant failed to pay plaintiff appropriate overtime wages during his employment with defendant including during Pay Period 3 wherein plaintiff worked 8 hours overtime, but was only paid for $2.64 in overtime wages despite that he had earned $44.00 in overtime wages.

54.   Pursuant to the FLSA, defendants is also responsible

for liquidated damages in an amount equal to Plaintiffs' actual damages.

55. Pursuant to the FLSA, defendants is also responsible for payment of reasonable attorneys fees and costs associated with the prosecution of this action.

### COUNT THREE
CONSTRUCTIVE DISCHARGE

56. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1-55 as if they were fully set forth herein.

57. Plaintiff was unable to support her household based upon the unlawful and inadequate pay she received over the course of her 8 weeks of employment with the defendant.

58. Because she was not earning enough income to support her household and because of the hostile work environment caused by defendants' unlawful violations of the FLSA, plaintiff was forced to quit her job with defendants on January 8, 2016.

59. Through its practice of unlawfully underpaying plaintiff, defendant deliberately created employment conditions that would have been objectively intolerable to a reasonable person.

60. Despite her requests to make her whole regarding her unpaid wages, defendant refused to pay her what she was owed.

61. Plaintiff's working conditions were so difficult and

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

unpleasant as a result of defendant's unlawful pay practices that a reasonable person in her shoes would have felt compelled to resign.

62.  It is apparent from defendant's actions that it either intended for plaintiff to quit her job and/or defendant could have reasonably foreseen that plaintiff's resignation would be a consequence of its unlawful actions.

63.  Assertion of one's FLSA rights is protected activity pursuant to the FLSA.  Defendant suppressed plaintiff's FLSA rights by unlawfully underpaying her despite her objections and multiple requests for payment of unpaid wages.

64. Defendant acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA. Defendant did not act in good faith with respect to the conduct alleged herein.

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

65. Based upon the foregoing, plaintiff was constructively discharged by defendant and has suffered damages as a result, including lost pay and benefits to day and into the unforeseen future.

66. Despite her efforts to mitigate her losses, plaintiff has been unable to find a new source of income through the date of the filing of this complaint and may in be unable to do so into the unforeseen future.

67. Pursuant to the FLSA, defendant is also responsible for liquidated damages in an amount equal to plaintiffs' actual damages.

68. Pursuant to the FLSA, defendant is also responsible for payment of reasonable attorneys fees and costs associated with the prosecution of this action.

WHEREFORE, Plaintiff demands judgment on Counts 1-3 against defendant for lost wages and benefits, unpaid wages and overtime pay, together with liquidated damages, interest, reasonable attorney's fees and costs of suit, and all other damages recoverable under the FLSA.

Samuel A. Dion, Esq.
Attorney ID#: 55761
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033
Attorney for Plaintiff

Case# 2016-04339-0 Docketed at Montgomery County Prothonotary on 03/07/2016 1:32 PM, Fee = $270.00

## VERIFICATION

I, Rosa Lopez, verify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: 3-2-16

Rosa Lopez

# EXHIBIT B

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
By: Eric J. Bronstein, Esquire
Identification No. 56391
By: Elizabeth R. Dill, Esquire
Identification No. 210106
550 E. Swedesford Road, Suite 270
Wayne, PA 19087                              Attorneys for Defendant
(215) 977-4100                               G4S Secure Solutions (USA) Inc.

|  |  |  |
|---|---|---|
| **ROSA LOPEZ,** | ) | **COURT OF COMMON PLEAS** |
|  | ) | **COUNTY OF MONTGOMERY** |
|  | ) |  |
| **Plaintiff,** | ) |  |
| **v.** | ) | **CASE NO. 2016-04339** |
|  | ) |  |
| **G4S SECURE SOLUTIONS INC.,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## PRAECIPE TO ENTER NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), notice is hereby given that, on April 11, 2016, Defendant G4S Secured Solutions Inc., filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania to remove the above-captioned matter from this Court to the United States District Court for the Eastern District of Pennsylvania. Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: /s/ Eric J. Bronstein
Eric J. Bronstein
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100

Attorney for Defendant
G4S Secure Solutions (USA), Inc.

Dated: April 11, 2016

4823-1560-9136.1

## CERTIFICATE OF SERVICE

I, Eric J. Bronstein, Esquire, Attorney for Defendant, hereby certify that a copy of the foregoing was filed this date via the Montgomery County Court of Common Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record, pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure, including the following:

Samuel A. Dion, Esq.
Dion & Goldberger
Walnut Street Suite 1199
Philadelphia, PA 19103

*/s/ Eric J. Bronstein*
Eric J. Bronstein

Dated: April 11, 2016

4823-1560-9136.1

2

JS 44 (Rev. 11/15)

5:16-cv-1707

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rosa Lopez

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel A. Dion; Dion & Goldberger; 1845 Walnut Street, Suite 1199
Philadelphia, PA 19103; (215)546-6033

## DEFENDANTS
G4S Secure Solutions (USA), Inc.

County of Residence of First Listed Defendant   Palm Beach, FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eric Bronstein
Lewis Brisbois Bisgaard & Smith, LLP

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|                                         | PTF | DEF |                                                          | PTF | DEF |
|-----------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                   | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA
Brief description of cause:
Plaintiff alleges unpaid wages and retaliation under the FLSA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   4/11/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

APR 11 2016



**UNITED STATES DISTRICT COURT**

**16    1707**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1015 West Liberty Street, Apt. 2, Allentown, PA 18102

Address of Defendant: 1395 University Blvd., Jupiter, FL 33458

Place of Accident, Incident or Transaction: Montgomery County, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☑  No☐

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) FLSA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Eric J. Bronstein, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: April 11, 2016 _____ Attorney-at-Law    56391
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 11, 2016 _____ Attorney-at-Law    56391
Attorney I.D.#

CIV. 609 (5/2012)

APR 11 2016



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rosa Lopez | : | CIVIL ACTION |
| | : | |
| v. | : | |
| G4S Secure Solutions (USA) Inc. | : | |
| | : | NO. **16   1707** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| | | |
|---|---|---|
| April 11, 2016 | | G4S Secure Solutions (USA) Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-977-4100 | 215-977-4101 | Eric.Bronstein@lewisbrisbois.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 11 2016